74 F.3d 1249
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Johnny Lance JOHNSTON, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 95-2167
(D.C.No. CIV-95-668-LH)
 United States Court of Appeals, Tenth Circuit.
 Jan. 9, 1996.
 
 Before PORFILIO, MCKAY, and KELLY, Circuit judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 This is an appeal from the denial of a motion for temporary restraining order and dismissal of a complaint seeking the return of an airplane seized by the Department of the Treasury. Acting pro se, plaintiff Johnston, as president of the corporation that owned the airplane, contended the government wrongfully and illegally seized it and that the Federal Aviation Administration was about to issue a new registration for the craft. Plaintiff sought to have the issuance of the registration enjoined.
 
 
 3
 Acting upon its own motion, the district court denied the restraining order and dismissed the complaint. The denial of the restraining order was predicated upon plaintiff's failure to demonstrate irreparable harm, and the complaint was dismissed on the ground the issues relating to plaintiff's rights in the aircraft had been previously determined in other judicial proceedings. Plaintiff appeals, and we affirm.
 
 
 4
 The record clearly demonstrates that by a security instrument recorded June 18, 1993, Frontier Enterprises gave the airplane Mr. Johnston attempted to recover as collateral to the Citizens Bank of Las Cruces, New Mexico, to secure a loan. Although the craft was seized by the government on January 10, 1994, it was later released to the bank in December 1994, upon request of its counsel. After notice of intent to sell and an offer to redeem the collateral given to Mr. Johnston's parents on January 18, 1995, the bank foreclosed its security interest through an action in state court. Subsequently, the bank sold the airplane to another party.
 
 
 5
 Through a motion filed June 1, 1995, in a companion federal criminal action, Mr. Johnston attempted to obtain return of the airplane under Fed.R.Crim.P. 41(e). Following the government's representation it had released the craft to the bank because the amount of the bank's lien exceeded the value of the airplane, the district court denied the motion. Plaintiff then commenced the action in this case.
 
 
 6
 Plaintiff did not contest any of these facts in the district court. Instead, he contended the government's original seizure was unlawful and that the bank obtained the airplane through "deceit, coercion, and/or fraudulent means, violating the fair trade practices, obtained an illegal and/or non-binding security interest...." He asserted the bank's security interest was invalid because it was not supported by a corporate resolution.
 
 
 7
 On appeal, Mr. Johnston argues the district court erred in failing to consider his challenges to the legality of the government's seizure and his assertions of fraud by the bank. In so doing, he neglects the fact he did not seek the return of the airplane before the government divested itself of possession of the craft. He also overlooks the fact the invalidity of the bank's security interest could have been raised in the state foreclosure proceedings.
 
 
 8
 The district court's refusal to reopen litigation of these issues was not erroneous. Moreover, following the foreclosure of the bank's security interest and divestiture of Frontier Enterprise's title, Mr. Johnston lost whatever standing he might have had to assert a property right in the airplane. Thus, he had no grounds upon which to challenge the issuance of a bill of sale or certificate of registration by the F.A.A. Moreover, Mr. Johnston's lack of any ownership interest in the airplane together with the previous adjudication of the bank's right to foreclose its collateral in state court made any recovery in this action impossible. The district court did not err, and its judgment is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3